**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

JOYCE PETTYE,

               Plaintiff,

       v.

SANTANDER CONSUMER USA INC., an
Illinois corporation,

Defendant.

Case Number: 1:15-cv-7669

Judge: Hon. Amy J. St. Eve

**DEFENDANT SANTANDER CONSUMER USA INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

     Defendant, Santander Consumer USA Inc., submits the following Answer and
Affirmative Defenses to Plaintiff's First Amended Complaint.

## INTRODUCTION

     1.     Paragraph 1 of the Amended Complaint contains conclusions of law to which no
response is required. To the extent a response may be required, Defendant denies the allegations
contained in Paragraph 1 of the Amended Complaint. Defendant specifically denies that Plaintiff
brings claims under TILA or IMVRISA, because those claims have been dismissed.

## JURISDICTION AND VENUE

     2.     Paragraph 2 of the Amended Complaint contains conclusions of law to which no
response is required. To the extent a response may be required, Defendant denies the allegations
contained in Paragraph 2 of the Amended Complaint.

     3.     Paragraph 3 of the Amended Complaint contains conclusions of law to which no
response is required. To the extent a response may be required, Defendant denies the allegations
contained in Paragraph 3 of the Amended Complaint.

## PARTIES

4.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 4 of the Amended Complaint and, accordingly, denies the allegations.

5.     Defendant admits that it is an Illinois corporation and that its headquarters are located at 1601 Elm St., Suite 800, Dallas, Texas.  Defendant denies the remaining allegations in Paragraph 5 of the Amended Complaint.

## COMMON ALLEGATIONS OF FACT

6.     Defendant admits only that it engages in the business of consumer auto finance. The remaining allegations in Paragraph 6 of the Amended Complaint contain conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint.

7.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 7 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 7 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

8.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 8 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 8 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

9.     The allegations in Paragraph 9 of the Amended Complaint, which purport to describe auto financing generally, are denied.  The business of auto financing is based on the specific relationship between the parties.

10.     The allegations in Paragraph 10 of the Amended Complaint, which purport to describe auto financing generally, are denied. The business of auto financing is based on the specific relationship between the parties.

11.     The allegations in Paragraph 11 of the Amended Complaint, which purport to describe auto financing generally, are denied. The business of auto financing is based on the specific relationship between the parties.

12.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 12 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 12 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

13.     The allegations in Paragraph 13 of the Amended Complaint, which purport to describe auto financing generally, are denied. The business of auto financing is based on the specific relationship between the parties.

14.     The allegations in Paragraph 14 of the Amended Complaint, which purport to describe auto financing generally, are denied. The business of auto financing is based on the specific relationship between the parties. Defendant specifically denies that it does not take into account the interest of borrowers in its business.

15.     The allegations in Paragraph 15 of the Amended Complaint, which purport to describe auto financing generally, are denied. The business of auto financing is based on the specific relationship between the parties.

16.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 16 of the Amended Complaint and, accordingly, denies the allegations.

3

17.     Paragraph 17 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Paragraph 18 of the Amended Complaint contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.     The allegations in Paragraph 19 of the Amended Complaint, which purport to describe auto financing generally, are denied.  The business of auto financing is based on the specific relationship between the parties.

20.     The allegations in Paragraph 20 of the Amended Complaint, which purport to describe auto financing generally, are denied.  The business of auto financing is based on the specific relationship between the parties.

21.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 21 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 21 of the Amended Complaint purport to characterize the contents of unidentified document(s), which are in writing and speak for themselves and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of those documents.

22.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 22 of the Amended Complaint and, accordingly, denies the allegations.

23.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 23 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 23 of the Amended Complaint purport to characterize the

contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

24.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 24 of the Amended Complaint and, accordingly, denies the allegations.

25.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 25 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 25 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

26.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 26 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 26 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

27.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 27 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 27 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

28.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 28 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 28 of the Amended Complaint purport to characterize the

contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

29.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 29 of the Amended Complaint and, accordingly, denies the allegations.

30.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 30 of the Amended Complaint and, accordingly, denies the allegations.

31.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 31 of the Amended Complaint and, accordingly, denies the allegations.

32.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 32 of the Amended Complaint and, accordingly, denies the allegations.

33.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 33 of the Amended Complaint and, accordingly, denies the allegations.

34.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 34 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 34 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

35.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 35 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 35 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

36.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 36 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 36 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

37.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 37 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 37 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

38.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 38 of the Amended Complaint and, accordingly, denies the allegations.

39.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 39 of the Amended Complaint and, accordingly, denies the allegations.

40.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 40 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 40 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

41.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 41 of the Amended Complaint and, accordingly, denies the allegations.

42.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 42 of the Amended Complaint and, accordingly, denies the allegations.  In addition,

the allegations set forth in Paragraph 42 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

43.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 43 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 43 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

44.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 44 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 44 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

45.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 45 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 45 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

46.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 46 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 46 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

47.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 47 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 47 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

48.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 48 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 48 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

49.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 49 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 49 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

50.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 50 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 50 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

51.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 51 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 51 of the Amended Complaint purport to characterize the

9

contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

52.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 52 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 52 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

53.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 53 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 53 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

54.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 54 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 54 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

55.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 55 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 55 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

56.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 56 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 56 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

57.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 57 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 57 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

58.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 58 of the Amended Complaint and, accordingly, denies the allegations.

59.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 59 of the Amended Complaint and, accordingly, denies the allegations.

60.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 60 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 60 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

61.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 61 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 61 of the Amended Complaint purport to characterize the

contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

62.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 62 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 62 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

63.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 63 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 63 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

64.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 64 of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 64 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

65.     Defendant denies that it engaged in any wrongdoing, including for alleged "overcharging 'protected groups' of consumers on auto loans made through car dealerships." Further answering, Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 65 of the Amended Complaint and, accordingly, denies the allegations. In addition, the allegations set forth in Paragraph 65 of the Amended Complaint purport to

characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

66.     Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

## INDIVIDUAL ALLEGATIONS OF FACT

69.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 69 of the Amended Complaint and, accordingly, denies the allegations.

70.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 70 of the Amended Complaint and, accordingly, denies the allegations.

71.     Defendant admits that it produced a copy of the Retail Installment Contract bearing Plaintiff's signature, which is a document that speaks for itself. Defendant denies the remaining allegations in Paragraph 71 of the Amended Complaint.

72.     Paragraph 72 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant admits only that it was assigned the Retail Installment Contract. Defendant denies the remaining allegations in Paragraph 72 of the Amended Complaint.

73.     Defendant admits only that it has received payments that were applied to Plaintiff's account. Defendant denies the remaining allegations set forth in Paragraph 73 of the Amended Complaint.

74.     Defendant admits only that it has received payments that were applied to Plaintiff's account. Defendant denies the remaining allegations set forth in Paragraph 74 of the Amended Complaint.

75.     Paragraph 75 contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant states that the allegations set forth in Paragraph 75 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

76.     The allegations set forth in Paragraph 76 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

77.     The allegations set forth in Paragraph 77 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

78.     The allegations set forth in Paragraph 78 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

79.     The allegations set forth in Paragraph 79 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

80.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 80 of the Amended Complaint and, accordingly, denies the allegations.

81.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 81 of the Amended Complaint and, accordingly, denies the allegations.

82.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 82 of the Amended Complaint and, accordingly, denies the allegations.

83.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 83 of the Amended Complaint and, accordingly, denies the allegations.

84.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 84 of the Amended Complaint and, accordingly, denies the allegations.

85.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 85 of the Amended Complaint and, accordingly, denies the allegations.

86.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 86 of the Amended Complaint and, accordingly, denies the allegations.

87.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 87 of the Amended Complaint and, accordingly, denies the allegations.

88.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 88 of the Amended Complaint and, accordingly, denies the allegations.

89.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 89 of the Amended Complaint and, accordingly, denies the allegations.

90.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 90 of the Amended Complaint and, accordingly, denies the allegations.

91.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 91 of the Amended Complaint and, accordingly, denies the allegations.

92.     Defendant admits that it produced a copy of the GAP Addendum bearing Plaintiff's signature, which is a document in writing that speaks for itself.  Defendant lacks knowledge or information sufficient to respond to the remaining allegations in Paragraph 92 of the Amended Complaint and, accordingly, denies the allegations.

93.     The allegations set forth in Paragraph 93 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

94.     The allegations set forth in Paragraph 94 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

95.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 95 of the Amended Complaint and, accordingly, denies the allegations.

96.     The allegations set forth in Paragraph 96 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

97.     The allegations set forth in Paragraph 97 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

98.     Paragraph 98 contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 98 of the Amended Complaint.  In addition, the allegations set forth in Paragraph 98 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.  Defendant denies the remaining allegations set forth in Paragraph 98 of the Amended Complaint.

99.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 99 of the Amended Complaint and, accordingly, denies the allegations.

100.     The allegations set forth in Paragraph 100 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

101.     The allegations set forth in Paragraph 101 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

102.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 102 of the Amended Complaint and, accordingly, denies the allegations.

103.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 103 of the Amended Complaint and, accordingly, denies the allegations.

104.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 104 of the Amended Complaint and, accordingly, denies the allegations.

105.     Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 105 of the Amended Complaint and, accordingly, denies the allegations.

106.     Defendant denies that Plaintiff was provided inadequate disclosures.  Defendant lacks knowledge or information sufficient to respond to the remaining allegations in Paragraph 106 of the Amended Complaint and, accordingly, denies the allegations.

107.     Defendant denies that Plaintiff was provided inadequate disclosures.  Further answering, Paragraph 107 contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 107 of the Amended Complaint.  In addition, the allegations set forth in Paragraph 107 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that

17

document. Defendant denies the remaining allegations set forth in Paragraph 107 of the Amended Complaint.

108. Defendant denies the allegations in Paragraph 108 of the Amended Complaint.

109. Defendant denies that it "ensnared Plaintiff in a discriminatory loan deal." Further answering, Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 109 of the Amended Complaint as to what Plaintiff would have done and, accordingly, denies the allegations. Defendant denies the remaining allegations in Paragraph 109 of the Amended Complaint.

110. Defendant denies the allegations in Paragraph 110 of the Amended Complaint.

111. Defendant admits only that Plaintiff purports to bring a putative class action in this action. Defendant denies the remaining allegations set forth in Paragraph 111 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF**
***Violation of the Truth in Lending Act***

112. Paragraph 112 is an incorporation paragraph to which no response is required. To the extent a response may be required, Defendant incorporates herein by reference the responses from the preceding Paragraphs as if the same were set forth here in full.

113. Paragraph 113 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 113 of the Amended Complaint. In addition, the allegations set forth in Paragraph 113 are moot because the Court has dismissed Plaintiff's TILA claim.

114. Paragraph 114 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 114 of the

Amended Complaint. In addition, the allegations set forth in Paragraph 114 are moot because the Court has dismissed Plaintiff's TILA claim.

115. Paragraph 115 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 115 of the Amended Complaint. In addition, the allegations set forth in Paragraph 115 are moot because the Court has dismissed Plaintiff's TILA claim.

116. Paragraph 116 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 116 of the Amended Complaint. In addition, the allegations set forth in Paragraph 116 are moot because the Court has dismissed Plaintiff's TILA claim.

117. Paragraph 117 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 117 of the Amended Complaint. In addition, the allegations set forth in Paragraph 117 are moot because the Court has dismissed Plaintiff's TILA claim.

118. Paragraph 118 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations in Paragraph 118 of the Amended Complaint. In addition, the allegations set forth in Paragraph 118 are moot because the Court has dismissed Plaintiff's TILA claim.

119. Paragraph 119 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 119 of the Amended Complaint. In addition, the allegations set forth in Paragraph 119 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial

quotation of that document. In addition, the allegations set forth in Paragraph 119 are moot because the Court has dismissed Plaintiff's TILA claim.

120. The allegations set forth in Paragraph 120 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 120 of the Amended Complaint. In addition, the allegations set forth in Paragraph 120 are moot because the Court has dismissed Plaintiff's TILA claim.

121. The allegations set forth in Paragraph 121 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 121 of the Amended Complaint. In addition, the allegations set forth in Paragraph 121 are moot because the Court has dismissed Plaintiff's TILA claim.

122. Paragraph 122 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 122 of the Amended Complaint. In addition, the allegations set forth in Paragraph 122 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 122 of the Amended Complaint. In addition, the allegations set forth in Paragraph 122 are moot because the Court has dismissed Plaintiff's TILA claim.

123.    The allegations set forth in Paragraph 123 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 123 of the Amended Complaint.  In addition, the allegations set forth in Paragraph 123 are moot because the Court has dismissed Plaintiff's TILA claim.

124.    The allegations set forth in Paragraph 124 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 124 of the Amended Complaint.  In addition, the allegations set forth in Paragraph 124 are moot because the Court has dismissed Plaintiff's TILA claim.

125.    The allegations set forth in Paragraph 125 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 125 of the Amended Complaint.  In addition, the allegations set forth in Paragraph 125 are moot because the Court has dismissed Plaintiff's TILA claim.

126.    The allegations set forth in Paragraph 126 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 126 of the Amended

Complaint. In addition, the allegations set forth in Paragraph 126 are moot because the Court has dismissed Plaintiff's TILA claim.

127. Paragraph 127 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 127 of the Amended Complaint. In addition, the allegations set forth in Paragraph 127 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 127 of the Amended Complaint. In addition, the allegations set forth in Paragraph 127 are moot because the Court has dismissed Plaintiff's TILA claim.

128. Paragraph 128 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 128 of the Amended Complaint. In addition, the allegations set forth in Paragraph 128 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 128 of the Amended Complaint. In addition, the allegations set forth in Paragraph 128 are moot because the Court has dismissed Plaintiff's TILA claim.

129. Paragraph 129 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 129 of the Amended Complaint. In addition, the allegations set forth in Paragraph 129 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial

quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 129 of the Amended Complaint. In addition, the allegations set forth in Paragraph 129 are moot because the Court has dismissed Plaintiff's TILA claim.

130. Paragraph 130 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 130 of the Amended Complaint. Defendant denies the remaining allegations set forth in Paragraph 130 of the Amended Complaint. In addition, the allegations set forth in Paragraph 130 are moot because the Court has dismissed Plaintiff's TILA claim.

131. Paragraph 131 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 131 of the Amended Complaint. In addition, the allegations set forth in Paragraph 131 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 131 of the Amended Complaint. In addition, the allegations set forth in Paragraph 131 are moot because the Court has dismissed Plaintiff's TILA claim.

132. Defendant admits that it had access to Plaintiff's RIC and Plaintiff's GAP Addendum. Further, Paragraph 132 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 132 of the Amended Complaint. Defendant denies the remaining allegations set forth in Paragraph 132 of the Amended Complaint. In addition, the allegations set forth in Paragraph 132 are moot because the Court has dismissed Plaintiff's TILA claim.

133. Paragraph 133 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 133 of the Amended Complaint. Defendant denies the remaining allegations set forth in Paragraph 133 of the Amended Complaint. In addition, the allegations set forth in Paragraph 133 are moot because the Court has dismissed Plaintiff's TILA claim.

134. Defendant denies the allegations set forth in Paragraph 134 of the Amended Complaint. In addition, the allegations set forth in Paragraph 134 are moot because the Court has dismissed Plaintiff's TILA claim.

## SECOND CLAIM FOR RELIEF
### *Violation of the Illinois Motor Vehicle Retail Installment Sales Act*

135. Paragraph 135 is an incorporation paragraph to which no response is required. To the extent a response may be required, Defendant incorporates herein by reference the responses from Paragraphs 1-111 as if the same were set forth here in full.

136. Paragraph 136 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 136 of the Amended Complaint. In addition, the allegations set forth in Paragraph 136 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 136 of the Amended Complaint. In addition, the allegations set forth in Paragraph 136 are moot because the Court has dismissed Plaintiff's IMVRISA claim.

137. Paragraph 137 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 137 of the Amended Complaint. In addition, the allegations set forth in Paragraph 137 of the

Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 137 of the Amended Complaint. In addition, the allegations set forth in Paragraph 137 are moot because the Court has dismissed Plaintiff's IMVRISA claim.

138. Paragraph 138 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 138 of the Amended Complaint. In addition, the allegations set forth in Paragraph 138 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 138 of the Amended Complaint. In addition, the allegations set forth in Paragraph 138 are moot because the Court has dismissed Plaintiff's IMVRISA claim.

139. Paragraph 139 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 139 of the Amended Complaint. In addition, the allegations set forth in Paragraph 139 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 139 of the Amended Complaint. In addition, the allegations set forth in Paragraph 139 are moot because the Court has dismissed Plaintiff's IMVRISA claim.

140. Paragraph 140 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 140

25

of the Amended Complaint. In addition, the allegations set forth in Paragraph 140 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 140 of the Amended Complaint. In addition, the allegations set forth in Paragraph 140 are moot because the Court has dismissed Plaintiff's IMVRISA claim. Finally, Paragraph 140 contains an incorporation by reference to which no response is required. To the extent a response may be required, Defendant incorporates herein by reference the responses from Paragraphs 39-60 as if the same were set forth here in full.

141. The allegations set forth in Paragraph 141 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 141 of the Amended Complaint. In addition, the allegations set forth in Paragraph 141 are moot because the Court has dismissed Plaintiff's IMVRISA claim.

142. Defendant denies the allegations set forth in Paragraph 142 of the Amended Complaint. In addition, the allegations set forth in Paragraph 142 are moot because the Court has dismissed Plaintiff's IMVRISA claim.

### THIRD CLAIM FOR RELIEF
#### *Violation of the Equal Credit Opportunity Act*

143. Paragraph 143 is an incorporation paragraph to which no response is required. To the extent a response may be required, Defendant incorporates herein by reference the responses from Paragraphs 1-111 as if the same were set forth here in full.

26

144.    Paragraph 144 contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 144 of the Amended Complaint.  In addition, the allegations set forth in Paragraph 144 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.  Defendant denies the remaining allegations set forth in Paragraph 144 of the Amended Complaint.

145.    Paragraph 145 contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the allegations in Paragraph 145 of the Amended Complaint.

146.    Defendant denies the allegations set forth in Paragraph 146 of the Amended Complaint.

147.    Defendant denies the allegations set forth in Paragraph 147 of the Amended Complaint.

148.    Paragraph 148 contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 148 of the Amended Complaint.  Defendant denies the remaining allegations set forth in Paragraph 148 of the Amended Complaint.

149.    Defendant denies the allegations in Paragraph 149 of the Amended Complaint.

150.    Paragraph 150 contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 150 of the Amended Complaint.  In addition, the allegations set forth in Paragraph 150 of the Amended Complaint purport to characterize the contents of a document, which is in writing and

speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 150 of the Amended Complaint.

151. Defendant denies the allegations set forth in Paragraph 151 of the Amended Complaint.

152. Paragraph 152 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 152 of the Amended Complaint. In addition, the allegations set forth in Paragraph 152 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 152 of the Amended Complaint.

153. Defendant denies the allegations in Paragraph 153 of the Amended Complaint.

154. Defendant denies the allegations in Paragraph 154 of the Amended Complaint.

155. Paragraph 155 contains conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 155 of the Amended Complaint. In addition, the allegations set forth in Paragraph 155 of the Amended Complaint purport to characterize the contents of an unidentified document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 155 of the Amended Complaint.

156. Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 156 of the Amended Complaint and, accordingly, denies the allegations.

157.    Defendant admits that it is in the auto finance business. In addition, the allegations set forth in Paragraph 157 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document. Defendant denies the remaining allegations set forth in Paragraph 157 of the Amended Complaint.

158.    Defendant denies the allegations set forth in Paragraph 158 of the Amended Complaint.

159.    Defendant denies the allegations set forth in Paragraph 159 of the Amended Complaint.

160.    Defendant denies the allegations set forth in Paragraph 160 of the Amended Complaint.

161.    Defendant denies the allegations set forth in Paragraph 161 of the Amended Complaint.

162.    Defendant denies the allegations set forth in Paragraph 162 of the Amended Complaint.

163.    Defendant denies the allegations set forth in Paragraph 163 of the Amended Complaint.

164.    Defendant denies the allegations set forth in Paragraph 164 of the Amended Complaint.

165.    Defendant denies the allegations set forth in Paragraph 165 of the Amended Complaint.

166.    Defendant denies the allegations set forth in Paragraph 166 of the Amended Complaint.

167.    Defendant admits only that Plaintiff purports to bring a putative class action against it.  Defendant denies the remaining allegations set forth in Paragraph 167 of the Amended Complaint and specifically denies that class treatment is warranted.

## CLASS ACTION ALLEGATIONS

168.    Defendant admits only that Plaintiff purports to bring a putative class action against it.  Defendant denies the remaining allegations set forth in Paragraph 168 of the Amended Complaint and specifically denies that class treatment is warranted.  In addition, the allegations as to a TILA Class are moot because the Court has dismissed Plaintiff's TILA claim.

169.    Defendant admits only that Plaintiff purports to bring a putative class action against it.  Defendant denies the remaining allegations set forth in Paragraph 169 of the Amended Complaint and specifically denies that class treatment is warranted.

170.    Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 170 of the Amended Complaint and, accordingly, denies the allegations.

171.    Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 171 [misidentified by Plaintiff as a duplicate Paragraph 170] of the Amended Complaint and, accordingly, denies the allegations.  In addition, the allegations set forth in Paragraph 171 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.  Defendant denies the remaining allegations set forth in Paragraph 171 of the Amended Complaint.

172.    Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 172 of the Amended Complaint and, accordingly, denies the allegations.

173.    Defendant lacks knowledge or information sufficient to respond to the allegations in Paragraph 173 of the Amended Complaint and, accordingly, denies the allegations.  In

addition, the allegations set forth in Paragraph 173 of the Amended Complaint purport to characterize the contents of a document, which is in writing and speaks for itself and, therefore, Defendant denies Plaintiff's characterization and/or partial quotation of that document.

174.     Defendant denies the allegations set forth in Paragraph 174 of the Amended Complaint and specifically denies that class treatment is warranted.  In addition, the allegations as to a TILA Class are moot because the Court has dismissed Plaintiff's TILA claim.

175.     Paragraph 175 contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 175 of the Amended Complaint.  Defendant denies the remaining allegations set forth in Paragraph 175 of the Amended Complaint and specifically denies that class treatment is warranted.  In addition, the allegations as to a TILA Class are moot because the Court has dismissed Plaintiff's TILA claim.

176.     Defendant denies the allegations set forth in Paragraph 176 of the Amended Complaint and specifically denies that class treatment is warranted. In addition, the allegations as to a TILA Class are moot because the Court has dismissed Plaintiff's TILA claim.

177.     Defendant denies the allegations set forth in Paragraph 177 of the Amended Complaint and specifically denies that class treatment is warranted.  In addition, the allegations as to a TILA Class are moot because the Court has dismissed Plaintiff's TILA claim.

178.     Defendant denies the allegations set forth in Paragraph 178 of the Amended Complaint and specifically denies that class treatment is warranted.  In addition, the allegations as to a TILA Class are moot because the Court has dismissed Plaintiff's TILA claim.

179.    Defendant denies the allegations set forth in Paragraph 179 of the Amended Complaint and specifically denies that class treatment is warranted.  In addition, the allegations as to a TILA Class are moot because the Court has dismissed Plaintiff's TILA claim.

**INJUNCTIVE RELIEF**

180.    Paragraph 180 is an incorporation paragraph to which no response is required.  To the extent a response may be required, Defendant incorporates herein by reference the responses from the preceding Paragraphs as if the same were set forth here in full.

181.    Paragraph 181 contains conclusions of law to which no response is required.  To the extent a response may be required, Defendant denies the conclusions of law in Paragraph 181 of the Amended Complaint.  Defendant denies the remaining allegations set forth in Paragraph 181 of the Amended Complaint and specifically denies that injunctive relief is warranted.  In addition, the allegations as to a TILA Class are moot because the Court has dismissed Plaintiff's TILA claim.

The WHEREFORE clause, including the WHEREFORE clause and all of its subparts constitutes a prayer for relief to which no response is required.  To the extent a response may be required, Defendant denies that Plaintiff or the putative class are entitled to any relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state any claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any damages incurred by Plaintiff were not caused by any conduct of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by legal and equitable principles, including the doctrine of unclean hands and breach of contract, for failure to make payments on her vehicle as agreed.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant acted in accordance with all applicable laws.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, laches, and/or other time bars.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate any damages she has allegedly suffered.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she has suffered no damages, and she has suffered no recoverable damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she suffered no adverse credit action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she cannot support an inference of disparate impact discrimination.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant's actions, at all times, were supported by a legitimate, non-discriminatory basis.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she cannot identify a facially neutral policy as to add-on products.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's actions were the cause of any adverse action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she cannot make out a *prima facie* case of discrimination.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant's policies did not result in a disparate impact to any protected group.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she cannot allege sufficient statistics to show a discriminatory impact.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant was not a creditor as a matter of law.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she read and understood the terms of all agreements that she entered into.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because, to the extent any violation occurred, Defendant did not act knowingly or with malice.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff can maintain this action, which Defendant denies, Plaintiff has not and cannot satisfy the requirements for class treatment in this case because, among other things, Plaintiff's alleged claims are not typical of the putative class members' alleged claims; common questions of fact and law do not predominate over questions affecting individual members of the putative class; Plaintiff is an inadequate class representative and lacks standing to assert the claims alleged; the interests of the putative class members conflict with each other and/or their attorneys; class treatment is not the superior method of adjudicating the claims alleged by Plaintiff and putative class members; it is impractical to identify and/or ascertain the putative class; and a class action trial would be unmanageable.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice, and grant such other further relief as the Court deems just and proper.

Respectfully submitted,

**SANTANDER CONSUMER USA, INC.,**

By: */s/ K. Issac deVyver*
    Mary J. Hackett
    K. Issac deVyver
    REED SMITH LLP
    225 Fifth Avenue
    Pittsburgh, PA 15222

(412) 288 3131
mhackett@reedsmith.com
kdevyver@reedsmith.com

Melissa A. Mickey
REED SMITH LLP
10 South Wacker Drive, Suite 400
Chicago, IL 60606
Tel: (312) 207-2777
mmickey@reedsmith.com

*Counsel for Defendant*
*Santander Consumer USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2016, I electronically filed the foregoing **Defendant Santander Consumer USA, Inc.'s ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the ECF system, which will send electronic notification of such filing to all registered parties.

By: */s/ K. Issac deVyver* _____